*252 Order, Family Court, Bronx County (Allen Alpert, J.), entered on or about August 16, 2007, which denied petitioner agency’s application to terminate respondent father’s parental rights to the subject child, and dismissed the petition, unanimously modified, on the facts and in the exercise of discretion, to the extent of reinstating the first cause of action of the petition, and otherwise affirmed, without costs, and the matter remanded to Family Court for a new fact-finding hearing.
The subject child, born in September 1997, has been in foster care since October 1998. The instant petition was filed in 2005 on the grounds that respondent is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (Social Services Law § 384-b [4] [c] ) and that the child is permanently neglected (§ 384-b [4] [d] ). Following a fact-finding hearing, Family Court ordered the petition dismissed because the agency had not met its burden of proof on the permanent neglect ground. Family Court further noted that the agency presented no evidence with respect to the mental illness ground. The agency’s failure to present such evidence is not explained in the record before this Court.
The record contains a report of an August 16, 2005 clinical examination of respondent by Dr. Adam Bloom, a psychologist affiliated with Family Court’s Mental Health Services. Respondent was receiving outpatient psychiatric care at the time of the examination. The report recites “an Axis I DSM IV diagnosis of Schizoaffective Disorder, and Axis II Diagnoses of Borderline Intellectual Functioning/Antisocial Personality traits” reached by Dr. Raagas of the New Horizon Counseling Center in October 2003. Dr. Bloom noted a history of inpatient psychiatric care at St. Vincent’s Hospital and Queens Hospital Center. He observed apparent organic difficulties and speech and language impairment marked by respondent’s difficulties in retrieving words and expressing himself in a clear and logical fashion. According to the report, respondent sustained an injury in the 1980s which rendered him comatose for a year. Dr. Bloom indicated that respondent presented with labile mood patterns and became angry at times during the interview. Indeed, respondent acknowledged that his psychiatric treatment was for “Anger issues, I can’t explain it.” During the examination, respondent reported that *253 he was compliant with the prescription for only one of two prescribed medications. Dr. Bloom could not opine as to whether respondent meets the criteria for mental illness under the statute. He deferred a formal recommendation pending the receipt of treatment records from Harlem Hospital, St. Vincent’s Hospital, Queens Hospital Center, New Horizon Counseling Center and EDNY Counseling Services.
According to undisputed evidence, respondent angrily shoved the then-six-year-old subject child during a June 2004 supervised visit because the child was resistant to entering the visitation room at the agency. The best interests of the child require judicial consideration of the mental illness ground in light of respondent’s conduct at the time of the visit, coupled with the psychiatric history noted above. Family Court did correctly determine, however, that the agency failed to establish by clear and convincing evidence that the child had been neglected for at least one year prior to the filing of the petition (Social Services Law § 384-b [7] [a]). Accordingly, the new fact-finding hearing should focus on the issue of whether respondent is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child within the meaning of section 384-b (4) (c). Concur—Gonzalez, J.E, Buckley, Moskowitz, Renwick and DeGrasse, JJ.